IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HELENA CHEMICAL COMPANY                              PLAINTIFF

VS.                        CIVIL ACTION NO. 5:10-cv-121(DCB)(JMR)

OSCAR G. GOODMAN, JR., and
E.A.G., INC., a Mississippi
Corporation                                        DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the plaintiff Helena Chemical Company ("Helena")'s motion for default judgment **(docket entry 9)**. On March 18, 2011, the Court ordered the plaintiff to show cause why its motion should not be denied. The plaintiff has responded to the order to show cause.

Helena seeks a default judgment against Oscar G. Goodman, Jr. ("Goodman") and E.A.G., Inc. ("EAG") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure because Goodman and EAG have failed to respond to the allegations in the Complaint. The plaintiff's Complaint in this case was filed on July 14, 2010. The defendants were served with process on July 28, 2010. On August 16, 2010, attorney Robert Gambrell entered an appearance on behalf of the defendants and filed a motion for additional time to respond to the Complaint. The motion was granted and the defendants were given until September 7, 2010, to answer the Complaint. On September 20, 2010, there being no response to the Complaint, the plaintiff filed a request to the clerk for entry of default against

the defendants.  Entry of default was made on October 4, 2010.  The plaintiff moved for a default judgment against the defendants on December 30, 2010.   The defendants have not responded to the plaintiff's motion.

Entries of default judgment are generally disfavored in the law, and thus should not be granted on the claim, without more, that the defendant has failed to meet a procedural time requirement.  Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).  Entry of default judgment is completely within the Court's discretion.  Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).  The Fifth Circuit has noted that "a defendant's default does not in itself warrant the court in entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered." Id.  In addition, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."  Id. (citing Thompson v. Wooster, 114 U.S. 104, 113 (1884); Ohio Central Railroad Company v. Central Trust Company of New York, 133 U.S. 83 (1889); 10 Wright & Miller, Federal Practice and Procedure 282).

Among the factors to be considered in deciding whether to enter default judgment is "whether the court would think itself obliged to set aside the default on the defendant's motion." Lindsey, 161 F.3d at 893.   The Court should take into consideration, inter alia, whether the defendant would have a

meritorious defense to the complaint. <u>Nelson v. St. Tammany Parish Courts</u>, 2010 WL 359097 *3 (E.D. La. Jan. 20, 2010).

An arbitration agreement, not followed by the plaintiff in filing a suit for breach of contract, can constitute a "meritorious defense" to the action. <u>See</u> <u>DLC Dermacare, LLC v. Castillo</u>, 2010 WL 5391451 *1 (D. Ariz. Dec. 14, 2010). To show the existence of a meritorious defense, a defendant need not demonstrate a likelihood of success on the merits. "He need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." <u>Webb v. Gunnallen Financial, Inc.</u>, 2010 WL 5017411 *2 (D. Mass. Dec. 3, 2010). <u>See also</u> <u>Impac Technology, Inc. v. Quantum Quality Production Corp.</u>, 1996 WL 146122 *1 (E.D. Pa. March 29, 1996)("arbitration ... would serve as a complete defense if it prevails"); <u>Delta-T Corp. v. Pacific Ethanol, Inc.</u>, 2010 WL 1816402 *4 (E.D. Va. May 5, 2010)("given the clear federal policy in favor of arbitration ... the valid and enforceable arbitration clause ... clearly presents a barrier to Delta-T's claims against PEI in this forum which is adequate to constitute a 'defense.'").

In its Order of March 18, 2011, the Court found that the parties' arbitration agreement could be grounds to deny the motion for default judgment, and invited the plaintiff's response. A demand for arbitration must be timely. <u>In re Mirant Corp.</u>, 613 F.3d 584, 591 (5th Cir. 2010). "'While the mere failure to assert

3

the right to demand arbitration does not alone translate into a waiver of that right, such failure does bear on the question of prejudice.'" <u>Id</u>., quoting <u>Republic Ins. Co.</u>, 383 F.3d 341, 346 (5th Cir. 2004)(internal quotation marks and citation omitted).  In this case, the defendants have had from July 28, 2010, to the present to assert their right to arbitrate the dispute.  There is no <u>per</u> <u>se</u> rule regarding the length of time a party has to demand arbitration, absent a provision in the arbitration agreement setting a deadline for submission of claims to arbitration.  <u>See</u> <u>Menorah Ins. Co., Ltd. v. INX Reinsurance Corp.</u>, 72 F.3d 218, 221 (1st Cir. 1995).  The cases finding prejudice typically involve periods of time greater than the time involved here, and/or involve the participation in litigation in a court of law by the party who ultimately seeks arbitration.  <u>Id</u>.

The Court finds, however, that although the defendants in this case may not have waived their right to seek arbitration, neither have they asserted that right in the face of default judgment proceedings against them.  In <u>Menorah</u>, the First Circuit noted that although strong policy reasons favor arbitration,

> [a]rbitration clauses were not meant to be another weapon in the arsenal for imposing delay and costs in the dispute resolution process.  Underlying the policy of enforcing contracts to arbitrate is a belief that where parties can agree to a mutually optimal method and forum for dispute resolution, it serves the interests of efficiency and economy to allow them to do so.

Id., at 222-23.

4

> Neither efficiency nor economy are served by ... [t]he scenario here - in which a party knowingly opts out of the arbitration for which it has contracted ... sits on its hands while a default judgment is entered against it after service, refuses to pay, requires an enforcement action be filed against it, and only then cries "arbitration" - undermines both the certainty and predictability which arbitration agreements are meant to foster.

Id., at 223, citing, inter alia, Gilmore v. Shearson/Am. Express Inc., 811 F.2d 108, 112 (2nd Cir. 1987)(parties should not be permitted to use a delayed assertion of arbitration as a "tactic in a war of attrition designed to make the litigation too expensive for plaintiff").

The Court, exercising its discretion, finds that, in this case, the possibility of a motion by the defendants to set aside a default judgment, should one be entered, based on an agreement to arbitrate, should not be grounds for denial of the plaintiff's motion for default judgment.

Other factors to be considered in deciding whether to enter default judgment "include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, [and] the harshness of a default judgment." Lindsey, 161 F.3d at 893.

By its failure to answer a complaint, a defaulting defendant admits the well-pleaded factual allegations therein and "is barred from contesting on appeal the facts thus established." Nishimatsu

Constr. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200 (5th Cir. 1975)(citation omitted).  "A default judgment is unassailable on the merits but only insofar as it is supported by well-pleaded allegations, assumed to be true."  Id. (citation omitted).

> The corollary of this rule, however, is that a defendant's default does not in itself warrant the court in entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered.  As the Supreme Court stated in the "vulnerable but still definitive case" of Thompson v. Wooster: a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill." 114 U.S. [104] at 113, 5 S.Ct. [788] at 792, 29 L.Ed. [105] at 108 [(1884)].  The defendant is not held to admit conclusions of law.  In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.  Thompson v. Wooster; Ohio Central Railroad Company v. Central Trust Company of New York [133 U.S. 83, 10 S.Ct. 235, 33 L.Ed. 561 [(1889)]; 10 Wright & Miller, Federal Practice and Procedure 282. On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment.  Ohio Central Railroad Company v. Central Trust Company of New York; Thompson v. Wooster.

Id. (footnotes and additional citations omitted).

In this case, the Complaint alleges in Count I that EAG and Helena entered into a Credit Sales Agreement whereby Helena agreed to sell and EAG agreed to purchase certain agricultural products on credit.  EAG purchased agricultural products from time to time pursuant to the agreement.  In addition, Goodman individually entered into a Guaranty Agreement whereby he personally guaranteed payment of all sums EAG borrowed from Helena.  The Complaint

alleges that EAG and Goodman are in default in failing to pay certain sums owed Helena under the Credit Sales Agreement and Guaranty. Helena made demand upon the defendants on June 23, 2010. According to the Complaint, EAG and Goodman owe Helena for purchases pursuant to the Credit Sales Agreement, together with interest at the rate of 18% per annum and reasonable attorneys fees as provided by the terms of the Credit Sales Agreement and Guaranty.

The Complaint also alleges, in Count II, that EAG executed a promissory note (the "Seed Tender Note") to Helena, secured by a Security Agreement granting a security interest in a 2009 KBH ST250 Seed Tender, and that Goodman's Guaranty also guaranteed payment of the Seed Tender Note. Helena alleges that EAG defaulted on the note, whereupon Helena accelerated the payments due. The Complaint seeks the balance due on the Seed Tender Note from EAG and Goodman, plus attorneys fees and court costs. Helena also seeks immediate possession of the Seed Tender, pursuant to the Security Agreement, so that it may sell the same and apply the proceeds against the balance due on the Seed Tender Note.

The plaintiff's allegations are supported by copies of the Credit Sales Agreement (Exhibit A), Guaranty Agreement (Exhibit B), demand letter (Exhibit C), Seed Tender Note (Exhibit D), and Security Agreement (Exhibit E), attached to the Complaint.

The Court finds that the facts asserted in the Complaint as to

liability are well-pleaded and supported by the loan documents signed by defendant Goodman, identified as "President" of EAG (the Credit Sales Agreement, Seed Tender Note, and Security Agreement), or individually (the Guaranty Agreement). By their failure to answer the Complaint, the defendants admit the well-pleaded factual allegations therein. Therefore, there are no material fact issues that would prevent entry of a default judgment as to liability.

Although counsel for defendants did enter an appearance and obtain additional time to respond to the Complaint, the defendants have neither answered the Complaint nor otherwise responded. Taking the well-pleaded facts of the Complaint as true, the Court finds that as to Count I the defendants are in default on the Credit Sales Agreement and Guaranty Agreement. As to Count II, the defendants are in default on the Seed Tender Note and Guaranty Agreement. The plaintiff is also entitled to possession of the Seed Tender so that it may sell the same and apply the proceeds against the judgment. In addition, the plaintiff continues to incur legal fees in this lawsuit. Thus, the plaintiff will be substantially prejudiced if default judgment is denied.

The record indicates that the plaintiff successfully served process on both defendants on July 28, 2010. By Order of August 16, 2010, the defendants were granted until September 7, 2010, to answer the Complaint, but neither of them answered or otherwise responded. Default was entered by the Clerk as to both defendants

on October 4, 2010.  On December 30, 2010, the defendants filed the
instant motion for default judgment.  Notices of the plaintiff's
request for entry of default, the Clerk's entry of default, and
the plaintiff's motion for default judgment were all electronically
served on defendants' counsel.  The grounds for default required by
Rule 55 are therefore satisfied.

Finally, there is nothing before the court which would
indicate that the defendants' default was caused by good faith or
excusable neglect.  Nor is there any indication that a default
judgment would be too harsh on the defendants.  The plaintiff seeks
performance of contracts it made with the defendants.  In Count I,
it seeks liquidated damages and reasonable attorneys fees (pursuant
to the Credit Sales Agreement and Guaranty Agreement), and, in
Count II, liquidated damages and possession of the Seed Tender
(pursuant to the Seed Tender Note, Security Agreement, and Guaranty
Agreement).  The relief sought by the plaintiff is directly related
to agreements into which the defendants willingly entered as
evidenced by the signatures on the exhibits to the Complaint.

As for damages, the defendants' default concedes the truth of
the allegations of the Complaint concerning the defendants'
liability, but not damages.  Jackson v. FIE Corp., 302 F.3d 515,
521, 524-25 (5th Cir. 2002).  Ordinarily, damages will not be
awarded without a hearing or a demonstration by detailed affidavits
establishing the necessary facts.  United Artists Corp. v. Freeman,

605 F.2d 854, 857 (5th Cir. 1979).   However, when the amount of
damages and/or costs can be determined with certainty by reference
to the pleadings and supporting documents, and when a hearing would
not be beneficial, a hearing is unnecessary.   James v. Frame, 6
F.3d 307, 310 (5th Cir. 1993).

      As set forth above, in Count II the plaintiff seeks liquidated
damages and replevin pursuant to the Seed Tender Note and Security
Agreement.   The Promissory Note ("Seed Tender Note") states, in
paragraph one, that EAG promises to pay Helena the sum of
$14,368.50.   The Note also provides for reasonable attorneys fees
to be paid by EAG in the event the Note is placed in the hands of
an attorney for collection (paragraph five).   The plaintiff's
motion for default judgment states that EAG owes Helena the full
sum of $14,368.50.   This is supported by an affidavit of Victoria
Carrington, Credit Manager of Helena, who states that EAG defaulted
in the payment of the Note, and that Helena accelerated the sums
due under the Note.   The terms of the Note provide that, in the
event of default, the entire outstanding principal balance shall,
at the option of Helena and without notice to EAG, immediately
become due and payable and may be collected regardless of the
stipulated date of maturity (paragraph three).   The plaintiff also
states a claim for replevin pursuant to Miss. Code Ann. §§ 11-37-
103, et seq.   Complaint, ¶¶ 18 - 22.

      In Count I, the plaintiff seeks liquidated damages pursuant to

10

the Credit Sales Agreement and Guaranty Agreement, in the amount of $682,689.67, plus interest at the rate of 18% per annum. The Complaint states:

> As of July 12, 2010, E.A.G. and Goodman owed Helena Chemical $682,689.67 for purchases pursuant to the Credit Sales Agreement, together with interest on that sum in the amount of $65,942.10, plus attorneys fees as provided by the terms of the Credit Sale Agreement and Guaranty. Interest continues to accrue on the past due balance at the rate of 18% per annum.

Complaint, ¶ 9. In addition, the affidavit of Ms. Carrington states:

> According to the records of Helena Chemical maintained under my direct supervision, custody and control, as of December 27, 2010, E.A.G. and Goodman owed Helena Chemical the total sum of $800,029.91 for amounts due under the Credit Sales Agreement and Guaranty Agreement. this amount consisted of a principal balance of $682,689.67 together with interest at the default rate set forth in the Credit Sales Agreement of $117,340.24. ... .

Carrington Affidavit, ¶ 6.

The Court must independently determine that Helena's claimed damages in Count I have a basis. This can be done at a hearing. Alternatively, since the plaintiff's damages appear to be liquidated, the plaintiff can submit the liquidated claims to the Court in appropriate form, accompanied by appropriate records such as a list of invoices or purchase orders, together with computations, and affidavits in support thereof. The same procedure can be followed as to the plaintiff's claim for reasonable attorney's fees.

11

In addition, in "any civil action ... in which [an individual] defendant does not make an appearance ..., the court, before entering judgment for the plaintiff shall require the plaintiff to file with the court an affidavit -- (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service."[1] 50 App. U.S.C.A. § 521(a),(b)(1)(A)-(B)(effective January 28, 2008). "The requirement for an affidavit ... may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury."  50 App. U.S.C.A. § 521(b)(4).

Furthermore, since Fed.R.Civ.P. 55(b)(2) provides that default judgment may not be entered against an infant or incompetent person

---

[1] "If based upon the affidavits filed in such an action, the court is unable to determine whether the defendant is in military service, the court, before entering judgment, may require the plaintiff to file a bond in an amount approved by the court.  If the defendant is later found to be in military service, the bond shall be available to indemnify the defendant against any loss or damage the defendant may suffer by reason of any judgment for the plaintiff against the defendant, should the judgment be set aside in whole or in part. The bond shall remain in effect until expiration of the time for appeal and setting aside of a judgment under applicable Federal or State law or regulation or under any applicable ordinance of a political subdivision of a State.  The court may issue such orders or enter such judgments as the court determines necessary to protect the rights of the defendant under this Act [sections 501 to 596 of this Appendix]."  50 App. U.S.C.A. § 521(b)(3).

unless they are represented by a guardian or other representative, the Court also requires the plaintiff to provide an affidavit or declaration that the individual defendant is not an infant or incompetent person.  See UMG Recordings, Inc. v. Griffin, 2007 WL 2826954 *1 (S.D. Miss. Sept. 25, 2007); Arista Records LLC v. Stanley, 2007 WL 627839 *2 (N.D. Miss. Feb. 26, 2007). Accordingly,

IT IS HEREBY ORDERED that the plaintiff Helena Chemical Company shall have twenty (20) days to supply the Court with supplemental documentation and to inform the Court whether it requests a hearing on damages and attorney's fees.

SO ORDERED, this the 21st day of April, 2011.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE